William Pat O'NEAL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5485.

United States Court of Appeals Tenth Circuit.

Jan. 18, 1957.

Cleon A. Summers, Muskogee, Okl., for appellant.

Harry G. Fender, Asst. U. S. Atty., Muskogee, Okl. (Frank D. McSherry, U. S. Atty., and Paul Brewer, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The first count of an indictment charged William Pat O'Neal and Wesley Carmack with conspiracy to transport women in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C.A. § 371. The second count charged defendants with transporting two women in interstate commerce from Ft. Worth, Texas to Muskogee, Oklahoma for the purpose of prostitution and debauchery, in violation of 18 U.S.C.A. § 2421. Defendants were convicted and sentenced on both counts. O'Neal has appealed.

At the close of the government's evidence, O'Neal moved the court "to advise the jury for a verdict of not guilty". The motion was overruled and the defendants rested, without introducing any evidence. The motion was then renewed and overruled, which action is now assigned as error. Motions for directed verdicts are abolished and the proper procedure to raise the question as to the sufficiency of the evidence is by motion for judgment of acquittal. Rule 29(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.; United States v. Jones, 7 Cir., 174 F.2d 746. Considering the motion as a motion for a judgment of acquittal upon the grounds of insufficiency of the evidence, an examination of the record discloses that there is ample evidence to sustain the verdict on each count.

18 U.S.C.A. § 371, makes it a crime to conspire to commit an offense against the United States. The crime of conspiracy is complete when two or more persons agree or combine together to commit an offense against the United States and supplement the agreement or combination with an overt act in furtherance thereof. Madsen v. United States, 10 Cir., 165 F.2d 507. The agreement need not be in any particular form. It is frequently not susceptible of direct proof and may be inferred from statements and acts of the parties together with other circumstances. Wilder v. United States, 10 Cir., 100 F.2d 177. In determining the sufficiency of the evidence to support a verdict, the inferences to be drawn therefrom are viewed in the light most favorable to the prosecution. Evans v. United States, 10 Cir., 240 F.2d 695; Seefeldt v. United States, 10 Cir., 183 F.2d 713; Wilder v. United States, supra.

The record discloses that in December of 1955, O'Neal was operating a beer tavern adjacent to the Huber Hotel in Muskogee, Oklahoma. On or about the 13th day of December, 1955, O'Neal and Carmack were in Kilgore, Texas. They talked to several women who were working as waitresses in taverns near Kilgore, attempting to get them to work as prostitutes. At about that time they left Kilgore with two girls aged 17 and 19, traveling in O'Neal's automobile. At Ft. Worth, Texas they all registered at a hotel under assumed names, at which one of the girls worked for several days as a prostitute. The other girl did not work in Ft. Worth because of illness. They then proceeded to Muskogee, Oklahoma, where, upon arrival, they stayed at a motel under a registration by O'Neal as J. W. Wallace of Kilgore, Texas.

One of the girls went to work for O'Neal at his beer tavern as a waitress. She then registered at the Huber Hotel as Iwanna Wallace, and worked there as a prostitute. O'Neal talked to an employee of the Huber Hotel about the girl and obtained a room there under the name of J. Wallace. The other girl registered at another hotel under an assumed name, where she practiced prostitution. O'Neal and Carmack talked to a bellhop at this hotel about the amount of money this girl was making. The bellhop

wanted them to bring the other girl to that hotel and O'Neal inquired if she could continue to make calls at the Huber Hotel if she moved.

 One of the girls testified that she intended to work at O'Neal's bar as a waitress when she arrived in Muskogee, but the evidence is uncontradicted that both girls intended to and did work as prostitutes immediately upon arrival in Muskogee. It is not necessary to sustain a conviction under the Act that the sole purpose of the transportation be for immoral purposes. In Dunn v. United States, 10 Cir., 190 F.2d 496, 497, we said: "It suffices if one of the efficient and compelling purposes in the mind of the accused in the particular transportation was illicit conduct of that kind. The illicit purpose denounced by the Act may have coexisted with other purpose or purposes, but it must have been an efficient and compelling purpose." It was also pointed out in the Dunn case that "the necessary intent, purpose, and motive on the part of the accused may be proved by circumstantial evidence. And as bearing upon that essential element of the offense, the conduct of the parties within a reasonable time before and after the transportation may be taken into consideration." The jury could infer from the evidence that one of the purposes, if not the compelling purpose, of the transportation was prostitution. From the evidence, it is difficult to see how any other logical conclusion could have been reached.

While in Kilgore, Texas, O'Neal and Carmack drove to Longview, Texas with two girls. One of them testified that O'Neal told her that he had a beer tavern in Muskogee and wanted her to go there and work for him as a waitress. He then, "in plain English" propositioned her to work for him as a prostitute, or, as she put it, "to hustle for him". She refused and he left his name with her in case she changed her mind. She did not change her mind, but two girls did accompany the defendants to Muskogee, and upon arrival practiced prostitution. Although this girl who testified was not transported, the evidence was admissible to prove the conspiracy. On cross-examination, over the objection of the District Attorney, it was shown that the witness had had sexual relations with O'Neal at Longview, Texas. O'Neal now complains that this was prejudicial error in that it tended to establish a collateral offense. If there were error in the admission of the evidence, it was invited by the defendants, and they may not now be heard to complain of a situation which they created. 5 C.J.S., Appeal and Error, § 1501; Johnson v. United States, 318 U.S. 189, 201, 63 S.Ct. 549, 87 L.Ed. 704; McBoyle v. United States, 10 Cir., 43 F.2d 273, reversed on other grounds 283 U.S. 25, 51 S.Ct. 340, 75 L.Ed. 816; Noell v. United States, 9 Cir., 183 F.2d 334, certiorari denied 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665; Crawford v. United States, 91 U.S.App. D.C. 234, 198 F.2d 976; Hood v. United States, 8 Cir., 14 F.2d 925, certiorari denied 273 U.S. 765, 47 S.Ct. 570, 71 L.Ed. 880.

Affirmed.