Bernard Vincent **MONTGOMERY**,
Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 8019.

United States Court of Appeals
Tenth Circuit.

May 3, 1965.

Stanley J. Walter, Lakewood, Colo., for appellant.

Lewis O. Campbell, Asst. U. S. Atty. (John Quinn, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

PER CURIAM.

This appeal is taken from an order of the District Court for the District of New Mexico denying to appellant, after a full evidentiary hearing, any relief upon claims asserted by motion to vacate sentence under 28 U.S.C. § 2255. Appellant, now serving a maximum sentence imposed after entry of plea of guilty to a violation of 26 U.S.C. § 4705(a) (sale of narcotics), asserts that his plea of guilty was not voluntarily entered, that he was denied the right of allocution prior to imposition of sentence, and that the remarks of the trial court at time of imposition of sentence were so fraught with personal bias as to constitute a denial of due process.

Appellant's first two contentions are not novel and may be summarily determined to be completely without merit. The record clearly supports the trial court's finding that the subject plea was voluntarily and understandingly entered after appellant had received the careful and conscientious advice of his retained counsel. And the record further reflects that the right of allocution was not denied to appellant.

██ The remarks of the sentencing trial judge [1] were indeed emphatic, couched in the vernacular, and were undoubtedly personally offensive to the appellant. However, a trial judge may and often should appraise both the offense and the offender at the time of sentencing and may use emphatic and forceful language which is understandable to the offender. See Simmons v. United States, 3 Cir., 302 F.2d 71. And certain it is that one who offends, as in this case most seriously, against the law has no constitutional right to be free from personal

[1.] The sentencing judge is now deceased and was, of course, not the judge from whose judgment the instant appeal is taken.

offense when his crime and character are aired. Appellant's sentence is not invalid because of the sentencing court's remarks.

The judgment is affirmed.