**Raymond O. JONES, Appellant,**
v.
**UNITED STATES of America, Appellee.**

**Harold Ben MARLEY, Appellant,**
v.
**UNITED STATES of America, Appellee.**

**Nos. 8382, 8383.**

United States Court of Appeals Tenth Circuit.

Aug. 26, 1966.

88

Irvine E. Ungerman, of Ungerman, Grabel, Ungerman & Leiter, Tulsa, Okl. (S. S. Lawrence, Tulsa, Okl., with him on the brief), for appellants.

Lawrence A. McSoud, Asst. U. S. Atty., Tulsa, Okl. (John M. Imel, U. S. Atty., Tulsa, Okl., with him on the brief), for appellee.

Before PHILLIPS, PICKETT and SETH, Circuit Judges.

PICKETT, Circuit Judge.

The appellants, Jones and Marley, appeal from a judgment and sentence entered after conviction on a single-count indictment charging them and Wanda Lee Marley[1] with conspiracy to violate the Internal Revenue Laws relating to intoxicating liquors. 26 U.S.C. §§ 5179(a); 5171(a); 5173(a); 5205 (a) (2); 5601(a) (1); 5601(a) (2); 5601(a) (4); 5601(a) (7); 5601(a) (8); 5601(a) (12); 5604(a) (1).

The essence of the crime of conspiracy, as defined in 18 U.S.C. § 371, is an agreement between two or more parties to commit an offense against the United States, supplemented with overt action by one or more of the conspirators to effectuate the agreement. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23; United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128; Carter v. United States, 10 Cir., 333 F.2d 354; O'Neal v. United States, 10 Cir., 240 F.2d 700; Madsen v. United States, 10 Cir., 165 F.2d 507. A conviction for conspiracy under the federal statute "cannot be sustained unless there is 'proof of an agreement to commit an offense against the United States.' * * *" Ingram v. United States, 360 U.S. 672, 677–678, 79 S.Ct. 1314, 1319, 3 L.Ed.2d 1503, rehearing denied 361 U.S. 856, 80 S.Ct. 42, 4 L.Ed.2d 96. In Jones v. United States, 10 Cir., 251 F.2d 288, 290, cert. denied 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed.2d 715, this court stated the law generally applicable to conspiracy cases:

"The Federal Statute makes it a crime to conspire to commit an offense against the United States. The offense is complete when two or more persons combine together to commit an offense against the United States

---

1. Wanda Lee Marley was the wife of defendant Harold Ben Marley; when the jury was unable to reach a verdict as to her, the trial court sustained a motion of acquittal.

and do any act to effect the object of the conspiracy. 18 U.S.C.A. § 371; O'Neal v. United States, 10 Cir., 240 F.2d 700, 701. 'In determining [the question of] the sufficiency of the evidence to support a verdict, the inferences to be drawn therefrom are viewed in the light most favorable to the prosecution.' O'Neal v. United States, supra; Seefeldt v. United States, 10 Cir., 183 F.2d 713; Wilder v. United States, 10 Cir., 100 F.2d 177. The agreement need not be in any particular form. By its nature it is seldom susceptible of direct proof. Ordinarily conspiracies can be established only by the acts and conduct of the conspirators and the inferences to be drawn therefrom. Butler v. United States, 10 Cir., 197 F.2d 561. Generally convictions will be sustained if the circumstances, acts and conduct of the parties are of such character that the minds of reasonable men may conclude therefrom that an unlawful agreement exists. O'Neal v. United States, supra; Heald v. United States, 10 Cir., 175 F.2d 878, certiorari denied 338 U.S. 859, 70 S.Ct. 101, 94 L.Ed. 526; Young v. United States, 10 Cir., 168 F.2d 242, 245, certiorari denied 334 U.S. 859, 68 S.Ct. 1533, 92 L.Ed. 1780." (Footnote omitted).

■■ The evidence of the prosecution showed that in the latter part of September, 1964, an unknown man and woman interviewed the owner of a farm near Pawhuska, Oklahoma, for the purpose of leasing the same. On the 26th day of September, a person signing as "Mrs. B. W. Woods" executed a lease and apparently took possession of the property. On November 2, 1964 a large still used for the manufacture of intoxicating liquors was being operated in a barn located on the premises. The still exploded, causing the building to be destroyed by fire. There was evidence tending to establish that Wanda Lee lived on the premises with her children from the time the property was leased until the fire. On the afternoon of the fire she hurriedly withdrew her children from school and was not seen again until December 7, 1964 when she and her husband, along with Jones, were arrested in their home in another county in Oklahoma.[2] The lessor of the property testified that Wanda Lee was not the Mrs. Woods who negotiated and signed the lease. He could not identify Marley as having been on the premises. After the fire, officers who investigated the case found Marley's billfold on the premises, containing his driver's license and Social Security card. They also found a medicine bottle with the name of Harold Marley, Jr. on the label attached to it. However, the record is completely barren of any evidence that Marley was in any way connected with the operation of the still or that he even knew of its existence. He was never seen on the premises or in the vicinity of Pawhuska during the time the still was in operation. The only evidence that Marley and Jones were associated together, or even knew each other, was their conduct at the time of their arrest in Stringtown. While it is true that Wanda Lee lived in the house on the premises where the still was located, there is nothing from which it can be inferred that she had anything to do with the manufacture of the intoxicating liquor, other than her flight at the time of the fire. "Mere knowledge or approval of or acquiescence in the object and purpose of a conspiracy without agreement to cooperate to accomplish such object or purpose is not enough to constitute one a party to the conspiracy." Thomas v. United States, 10 Cir., 57 F.2d 1039, 1042. Wanda Lee was absolved from participation in the alleged conspiracy by the court. What she was doing and who she lived with on the premises is entirely a mat-

2. This arrest was made near the town of Stringtown, south of McAlester, Oklahoma. (In oral argument it was stated that Stringtown is approximately 150 miles from Pawhuska.)

ter of conjecture. Her flight alone is not enough to sustain her participation in a conspiracy to operate the still. Vick v. United States, 5 Cir., 216 F.2d 228, 231–232, and cases cited.

█ There is ample evidence from which a jury might find that Jones was participating in the unlawful manufacture of intoxicating liquor on the premises, but he is charged only with the crime of conspiracy, which the prosecution failed to prove. In Carter v. United States, supra, 333 F.2d at 356, it was said:

"While intent to commit the substantive offense is an essential ingredient of the crime of conspiracy, the offenses are separate and distinct and proof of one is not necessarily proof of the other. See: Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; Ingram v. United States, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503; and Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312."

The judgment is reversed, and the case is remanded with instructions to dismiss the indictment as to both Jones and Marley.