**H. T. JORDAN, Jr., Appellant,**
v.
**UNITED STATES of America, Appellee.**

**Gervase A. BRYANT, Appellant,**
v.
**UNITED STATES of America, Appellee.**
**Nos. 8450, 8451.**

United States Court of Appeals
Tenth Circuit.

Dec. 5, 1966.

Rehearing Denied Jan. 26, 1967.

Carmon C. Harris, Oklahoma City, Okl., for appellants.

Michael C. Stewart, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before PHILLIPS and HICKEY, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

H. T. Jordan, Jr., and Gervase A. Bryant were convicted on three counts of a twelve count indictment. Count 1 charged a conspiracy to knowingly make or cause to be made false statements to the Federal Housing Administration for the purpose of obtaining loans, in violation of Title 18 U.S.C. Sec. 371, and Counts 6 and 10 charged substantive counts of making or causing to be made, false statements to the Federal Housing Administration, in violation of Title 18 U.S.C. Sections 1010 and 2. Of the remaining nine counts, two were withdrawn from the consideration of the jury and not guilty verdicts were returned as to the others. Following conviction and sentencing defendants appeal.

Defendants were builders and sellers of homes, the purchases of which were financed by lending institutions upon loan guaranties of the Federal Housing Administration. Count 1 charges that the defendants conspired among themselves and with others to make or cause to be made false statements to the Federal Housing Administration, knowing such statements to be false. Fourteen overt acts were alleged under this count. Count 6 charges that the defendants made or caused one Hill to make a false statement as to the income of Hill in that it was represented that Hill was employed by the defendants' organization at an annual salary of $7,200.00, and that such false statement was made for the purpose of influencing the Federal Housing Administration to insure the loan on certain property. Count 10 charges that the defendants caused one Jackson to make statements to the Federal Housing Administration to the effect that he was trading his equity in certain property as a part payment on property which he claimed he was purchasing from the defendants, and that he intended to occupy such property being purchased from the defendants; that both of these statements were false and were made for the purposes of influencing the Federal Housing Administration to insure a loan on such property.

The principal ground urged by defendants on appeal is that the evidence was insufficient to support the findings of guilty as to the three counts. Defendants urge that the evidence is insufficient to support the guilty verdicts as to the two substantive counts, and that the defendants cannot be found guilty as to the conspiracy count since there was no direct evidence of the conspiracy and the only evidence offered was that which went to prove the substantive counts. They urge that if the defendants were found not guilty of all substantive counts charging offenses which the defendants were alleged to have conspired to com-

mit they could not be guilty of the conspiracy, and particularly so when the Government relies upon the same evidence to prove the conspiracy and the substantive counts.

■ There is substantial evidence to sustain the verdicts of guilty by the jury as to the two substantive counts. As to Count 6, a finding by the jury that the statement that Hill was drawing a salary of $7,200.00 a year was false is clearly supported by the evidence. It is abundantly clear that during the several months he was employed by the defendants Hill drew no salary at all and at most may have earned in commissions $800.00. As to Count 10, Jackson testified that the defendants proposed to him that the house could be bought in his name and then transferred as an equity to someone else and that he never intended to move into it. The reason he went along with the proposal was at the time the only source of income that he had was doing work for the defendants and he was afraid to say no to the proposition. This was more than sufficient to support the jury's finding of guilty on this count.

■ The gist of a criminal conspiracy is an agreement to violate a law of the United States and one or more overt acts by one or more of the conspirators to effect the objects of the unlawful agreement. The requisite overt act need not be the substantive offense which is the object of the conspiracy. Indeed, it need not in itself be a wrong. While intent to commit a substantive offense is an essential ingredient of the crime of conspiracy, the offenses are separate and distinct and proof of one is not necessarily proof of the other. Carter v. United States, 10 Cir., 333 F.2d 354.

■ The proof necessary to support a conviction for conspiracy is necessarily not direct. The nature of the offense and the secrecy involved require that the elements of the crime be established by circumstantial evidence, and the common purpose or plan may be inferred from the development or the combination

of circumstances. Baker v. United States, 10 Cir., 329 F.2d 786; Dennis v. United States, 10 Cir., 302 F.2d 5; O'-Neal v. United States, 10 Cir., 240 F.2d 700.

■ An appellate court does not weigh evidence in a criminal case but determines whether there is substantial evidence to support the verdict. Wilder v. United States, 10 Cir., 100 F.2d 177; Seefeldt v. United States, 10 Cir., 183 F.2d 713. There was evidence from which the jury could infer the agreement to knowingly make and cause to be made false statements to the Federal Housing Administration, and there was clear, and in many cases uncontradicted, evidence of the overt acts. Considering the evidence in the light most favorable to the appellee, there is substantial evidence to support the verdict as to the conspiracy count.

■ The defendants claim that the court considered an improper matter at sentencing. The record reflects that the court made this statement at sentencing:

> "Well, the Court has of course considered this case very carefully. At the same time Mr. Bryant was charged and plead, Mr. Jordan's brother did, too, and as developed in the evidence, Mr. Jordan's brother—not from the evidence but in the evidence—Mr. Jordan's brother was the lumberman furnishing H. T. Jordan materials to build these houses.
>
> "Also in the previous case, Mr. Jordan's brother was fined $3,000 for the same offense or, yes, I guess it was the same offense, and Mr. Bryant was fined $1,000. They were not placed on probation and they took the payment of the fine very lightly."

It cannot be inferred from these statements of the trial judge that he was in any wise penalizing the defendants for any past delinquencies of Jordan's brother. The trial judge was simply noting that a fine in a similar case had, in the past, proven ineffective as a deterrent.

Implicit in the court's remarks is Jordan's knowledge of the previous involvement of his brother and his co-defendant in a similar offense. It is well settled that a trial judge, in passing sentence, may express his appraisal of the conduct of the defendant before him. Montgomery v. United States, 10 Cir., 344 F.2d 955; Simmons v. United States, 3 Cir., 302 F.2d 71.

The granting or denial of probation is within the discretion of the trial court and will not be reviewed absent a showing of abuse of discretion. Humes v. United States, 10 Cir., 186 F.2d 875; Yates v. United States, 10 Cir., 308 F.2d 737; Thomas v. United States, 10 Cir., 327 F.2d 795. There is no showing that the trial court was arbitrary or capricious or that he was motivated by improper considerations. The sentence is within the statutory limit and will not be disturbed. Jones v. United States, 10 Cir., 323 F.2d 864; McMurray v. United States, 10 Cir., 298 F.2d 619; Smith v. United States, 10 Cir., 273 F.2d 462.

Affirmed.