**UNITED STATES of America, Appellee,**

v.

**Vern Maeser YOUNG, Keith Robert Reidling, and Edward Neil Steed.**

**Nos. 77–1728—77–1730.**

United States Court of Appeals,
Tenth Circuit.

Submitted April 21, 1978.

Decided May 17, 1978.

David S. Dolowitz of Parsons, Behle & Latimer, Salt Lake City, Utah, for appellant, Vern Maeser Young.

Charles B. Howe, Boulder, Colo., for appellant, Keith Robert Reidling.

Sumner J. Hatch, Salt Lake City, Utah, for appellant, Edward Neil Steed.

Ronald L. Rencher, U.S. Atty. and Brent Ward, Asst. U.S. Atty., Salt Lake City, Utah, for appellee.

Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.

SETH, Chief Judge.

The appellants, Vern Maeser Young, Keith Robert Reidling, and Neil Steed, appeal their jury convictions for conspiracy to defraud the United States, and submitting false claims in violation of 18 U.S.C. §§ 2, 287, 371.

The Government charged that the defendants conspired to defraud the United States by submitting fraudulent payment claims to the Veterans Administration on behalf of veterans who, they argue, failed to complete courses sponsored by appellants.

The record. shows that Sales Training, Inc. (STI), was a private school in the business of providing professional training to salesmen. The Veterans Administration approved a correspondence course of the school thereby permitting veterans to take advantage of such training with the Government paying to STI 90% of the charges incurred by qualified veterans.

The courses offered by STI were largely by correspondence, with some classes available at the school's headquarters. All appellants actively solicited participation in these training courses.

The correspondence courses consisted of a number of lessons. Booklets were provided for each lesson and the student was to take a multiple choice test provided in the booklet, and return it to STI for correction. Under the Veterans Administration program, a certification card was to be sent to the Veterans Administration for each lesson provided each lesson was completed to STI's satisfaction. The Veterans Administration would finally review these cards to determine whether STI was entitled to payment.

The evidence presented below established that certification cards were signed in blank by the student at the time of enrollment, rather than after completion of each lesson. These cards were certified by either appellants Young or Reidling or other STI employees, and then sent to the Veterans Administration. They were so sent for some lessons which were never completed.

The Government also produced evidence showing that enrollees' signatures were in some instances falsified on certification cards which were submitted to the Veterans Administration by STI for lessons never completed and for persons not enrolled.

A representative of the Veterans Administration met with the appellants before the dates of the charged transactions, and indicated that veteran students at STI were being certified for a greater number of courses than actually completed. He also discussed the matter of certification cards being presigned and veterans benefits being sold to non-veterans. These were all prohibited practices. The appellants assured him that the violations would not occur again, but a review of a number of certification cards makes it apparent that these practices were continued.

The record shows that defendant Young was president of Sales Training, Inc., that defendant Reidling was the credit manager, and defendant Steed was a salesman of courses for the school.

The three defendants were charged in Count I with conspiracy to defraud. Defendant Young was charged also in Counts II through V with submitting false claims and referred to particular students.

Defendant Steed was also charged in Count V with aiding and abetting Young in the submission of false claims.

Defendant Reidling was also charged in Counts VI and VII with submitting false claims, again with specific names stated.

All appellants made motions for acquittal which were denied. However, a fourth defendant, Courtney Wrathall, made a like motion which was granted.

The jury returned guilty verdicts against each defendant as to all counts for which he was charged.

Each appellant urges that there was insufficient evidence to support the verdict on the conspiracy charge Count I. They urge us to apply the rule that, in circumstantial evidence cases, mere knowledge, approval or acquiescence in the object of the conspiracy, without an agreement to cooperate in achieving such object and purpose, does not make one a party to a conspiracy. *Jones v. United States*, 365 F.2d 87 (10th Cir. 1966). In *Steiger v. United States*, 373 F.2d 133 (10th Cir. 1967) the court said:

> ". . . [A]n appellate court must view the evidence in a light most favorable to the Government and determine the question of law as to whether there is substantial evidence, whether direct or circumstantial, which, together with the reasonable inferences that may be drawn therefrom, sustains the verdict. . ."

■ In *United States v. Downen*, 496 F.2d 314 (10th Cir. 1974), the defendants took an appeal from a § 371 conviction for conspiracy to transport stolen motor vehicles in interstate commerce. It is clear from this and other Tenth Circuit authority that the Government must prove that each defendant charged with conspiracy must have the criminal intent necessary to meet the requirements set forth in the substantive offense. See also, *Davidson v. United States*, 411 F.2d 75 (10th Cir. 1969). The essence of the crime of conspiracy as defined in 18 U.S.C. § 371 is an agreement between two or more persons, supplemented with overt action by one or more of the conspirators to effectuate the conspiracy.

■ The Government, in opposition to appellant Steed, urges that the evidence was sufficient to convict on Count I, the conspiracy count, and Count V, aiding and abetting defendant Young in presenting false claims. It argues that the testimony of Jeffrey Heninger was sufficient to show his participation in the conspiracy, together with the testimony of the witnesses, Vaughn Fisher and Leroy Overturf.

The testimony of Heninger at trial indicated that not only did appellant Steed solicit enrollment in the STI correspondence course, he at times approached various prospective enrollees with defendant Young. The evidence received from witnesses Vaughn Fisher and Leroy Overturf in support of both conspiracy and aiding and abetting co-defendant Young in presenting the Veterans Administration with fraudulent claims was substantial.

■ The appellant Reidling maintains that the evidence the Government was able to produce did not prove an agreement among the defendants nor the intent to commit a substantial crime. Thus he argues that the evidence was as consistent with innocence as with guilt, citing *Jordan v. United States*, 370 F.2d 126 (10th Cir.), and *United States v. Butler*, 494 F.2d 1246 (10th Cir.). The Government urges application of the standard for review per *Jones v. United States*, 251 F.2d 288 (10th Cir.), and points to testimony of Sandra Burgess, a secretary at the school and of Herman Pollehne, a salesman for the school.

When codefendant Young acquired the school in July of 1973 from a previous owner, the operating procedure was changed from having students sign the certification cards at the time they enrolled rather than after the course had been completed. Soon after Young and Reidling were informed by certain Veterans Administration represent-

atives that this scheme was illegal. The undisputed evidence established that appellant Reidling continued to request a secretary of the school, Miss Sandra Burgess, to sign certain names on lesson certification cards without ever knowing if the person certified completed the course. The testimony of the witness also shows that defendant Reidling even filled out certification cards for students whom she had never seen or heard of. The testimony of Herman Pollehne unequivocally shows a common scheme to which the appellants agreed. The common practice, he said, "was to have the student sign the certification card in blank". These practices all took place subsequent to the warning issued by the Veterans Administration representative. There was more than ample evidence showing appellant Reidling participated in the conspiracy to defraud the Veterans Administration. After reviewing the testimony of witnesses Pollehne, Bell, and Burback, we have no doubt but that appellant Reidling did assist in the scheme to submit false certification claims to the Veterans Administration.

■ Appellant Young was the president of the school. He instituted the practice of having students sign certification cards in advance, and also agreed to a power of attorney authorizing STI to make claim for and received Veterans Administration payments in behalf of the students. The testimony relating to appellant Young's involvement in the conspiracy points up a common plan in which appellants Steed and Reidling participated. Messrs. Saracino and Turley testified that they signed blank certification cards but never completed one of the 21 lessons.

The defendants each urge that the jury was confused as to the counts in the indictment. The jury had deliberated about an hour when they sent a note to the judge that they wanted a copy of the indictment.

Mr. Ashton, attorney for Mr. Young, objected to the jury having a copy of the indictment. The attorneys for the other defendants did not make their position known to the court. The Government wanted the indictment read to the jury. The court called in the jury, told them again that the indictment was not evidence. He also told them that by reason of the way in which the indictment was written, he would not grant their request. About an hour later, the jury returned its verdict in which it found each appellant guilty on each count.

In a post-verdict motion for judgment for acquittal, Mr. Hatch, the attorney for Mr. Steed, remarked that he was not present when the vote from the jury came in but he refers to it as having been "properly" denied. No argument on appeal is made as to the presence or absence of defendants or attorneys when the jury note was considered. The record shows that the matter was considered in open court.

The verdict forms show the name and count numbers as to each defendant. The trial judge in his instructions to the jury recited the charges. For example, as to defendant Young, after stating the conspiracy count against all, said:

"Specifically, defendant Young is charged in

Counts II, III, IV and V of the indictment with submitting or causing the submission of to an agency of the United States Government for payment, false, fictitious or fraudulent claims."

The Government in its closing arguments related each count to each defendant and named the witnesses who testified on the several counts.

No objection was made by the defendants to the instructions.

In closing argument, Mr. Hatch, the attorney for Mr. Steed, pointed out to the jury, after considering the conspiracy count, that Mr. Steed was charged with aiding and abetting under Count V. He described this count as referring to a Veterans Administration certificate card, and he referred the jury to the card on Mr. Overturf who testified against defendant Steed on this count.

Mr. Thurman, the attorney for Mr. Reidling, in closing argument pointed out to the jury that his client was charged, in addition to the conspiracy, on Counts VI

and VII which represented the false claims for Mr. Bell and Mr. Ingram. He pointed out the names of the witnesses against his client and the cards concerned.

Mr. Ashton, the attorney for Mr. Young, again, after describing the conspiracy charge, told the jury in closing argument that Mr. Young was charged with a false claim as to Mr. Saracino and Mr. Overturf. The Government, in closing argument, stated that Count V charged Mr. Young with the false claim as to Mr. Overturf, aided and abetted by defendant Steed; also that Count II charges Mr. Young in a false claim as to Mr. Turley; Count III Mr. Saracino; Count IV against Mr. Young as to student Collins; Count VII concerning witness Devereaux.

■ Considering all the record, the counts were adequately explained to the jury. Thus, the jury was adequately instructed by the court as to the charges against each defendant, and in a manner in which the charge and proof could be segregated as to each defendant. There was nothing unusual about the three-day trial, the proof was not complicated, the count witnesses were few in number, and the activity of each of the four defendants was defined. The fourth defendant was discharged on a motion for acquittal, and thus the jury was left with only three defendants.

The defendants' assertion on this appeal that the jury was not fairly apprised of the charges or was confused is not borne out by the record. Their reliance on our decision in *United States v. Walker,* 557 F.2d 741 (10th Cir.) is misplaced. Instead, the matter simply is an instance where the jury asked for a copy of the indictment, and was refused. The request for the indictment, in itself, demonstrates no confusion, and there is no indication of confusion from any other source. The instructions were clear on this matter and the counts were otherwise explained. The defendants did not object to the action by the trial judge, did not object to the instructions given, and made no request for any additional instructions.

The number of defendants, the complications, and the nature of the inquiry in

*Walker* are in no way comparable to the situation here. As we said above, this was only a request for a copy of the indictment. This matter is surely one well within the discretion of the trial judge. *United States v. Skolek,* 474 F.2d 582 (10th Cir.). *United States v. Walker,* 557 F.2d 741 (10th Cir.). *United States v. Downen,* 496 F.2d 314 (10th Cir.). *Robles v. United States,* 279 F.2d 401 (9th Cir.).

■ Defendant Reidling argues that the trial judge made remarks prejudicial to the defendants during the trial and intimidated counsel. Defendant made no objection to the remarks but asserts plain error under Rule 52(b).

Government says defendant cites only three minor incidents during the three-day trial and examines each. Also argues that the assistance of counsel to defendant was not interfered with under standards of this Circuit.

We have examined the several instances referred to by the defendant Reidling which he urges were prejudicial to him or which he argues constituted intimidation of his counsel. We find nothing in the record which could constitute error.

We find no error as to any of the defendants and affirm the judgment of the trial court as to each.