The UNITED STATES of America,
Plaintiff-Appellee,

v.

Lester James THURBER,
Defendant-Appellant.

No. 82–1208.

United States Court of Appeals,
Tenth Circuit.

June 10, 1983.

Kenneth E. Holmes of Phipps, Johnson, Holmes & Hermanson, Ponca City, Okl. (Robert J. Scott, Pawnee, Okl., on brief), for defendant-appellant.

Nancy A. Nesbitt, Asst. U.S. Atty., N.D. Okl., Tulsa, Okl. (Frank Keating, U.S. Atty., Tulsa, Okl., with her on brief), for plaintiff-appellee.

Before HOLLOWAY, McWILLIAMS and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

Lester James Thurber pleaded guilty to a one-count information charging him under 18 U.S.C. § 371 with conspiracy to violate 18 U.S.C. § 1341 and 26 U.S.C. § 7201. He was sentenced to a term of eighteen months imprisonment. From such sentence, Thurber appeals. Shortly after notice of appeal was filed, Thurber filed with the trial court a motion to reduce sentence under Fed.R. Crim.P. 35. An evidentiary hearing was held on the motion, and the matter was taken under advisement. The motion was later denied. On appeal, Thurber's position is that the trial court, in denying probation and in sentencing him to eighteen months imprisonment, abused its discretion. We find no such abuse and affirm.

From the record we learn that Thurber is a former County Commissioner of Pawnee County, Oklahoma. His role in the charged conspiracy was that in his official capacity as a County Commissioner, he would order, purchase, and approve the purchase of bridge, road building, and maintenance materials from a supplier, thereby committing county funds. In return, Thurber would receive a 10% kickback in currency from the supplier on the materials delivered. The United States mails were used to mail the

County Warrants sent in payment for delivered materials. Thurber failed to report the money he received in connection with the purchase of materials on his 1977 and 1978 income tax returns. The kickbacks arising out of the transactions which formed the basis for the one-count information totalled $200–$300. Other kickbacks outside the charge in the information totalled about $3,700.

Thurber, at the time of sentencing, was 71 years of age and resided with his wife, each being mutually dependent on the other. According to the pre-sentence report, Thurber had been fully cooperative with the investigating authorities, and had made full restitution to the County as well as paying all back income taxes. He had no prior criminal record.

In denying probation, and sentencing Thurber to eighteen months imprisonment, the trial court commented as follows:

> The Court does believe it has sufficient information to properly exercise its sentencing discretion in this case, and the Court is of the belief that each one of these cases must be considered on its own basis and its own fact situation.

> On the one hand we have a very serious transgression of public trust here. On the other hand, we have a man 71 years of age, who, from the time the matter started to be investigated, was cooperative and who has made restitution.

> But the Court has great, great difficulty in this case of overlooking the aspect of the transgression as far as public trust is concerned. You as an elected official were put in a position to uphold the law and uphold the law in every respect, and in not doing so, sir, you violated that public trust.

> And when the Court does consider the cooperative aspect and your age and restitution, the Court is considering all of those factors. But then again the public trust aspect of it weighs so heavily that it will be adjudged that the defendant, Mr. James Lester Thurber, is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of 18 months.

Probation is a matter of grace, not a matter of right, and, in general, should be granted only when the ends of justice and the interest of both the defendant and the public are best served by the granting thereof. 18 U.S.C. § 3651. *United States v. Birnbaum,* 421 F.2d 993, 998 (2d Cir.), *cert. denied,* 397 U.S. 1044, 90 S.Ct. 1363, 25 L.Ed.2d 655 (1970); *Thomas v. United States,* 327 F.2d 795, 797, (10th Cir.), *cert. denied,* 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964). The denial of probation will not be reviewed on appeal, absent a showing of arbitrary and capricious action amounting to clear abuse of discretion. *Whitfield v. United States,* 401 F.2d 480, 482 (9th Cir.), *cert. denied,* 393 U.S. 1026, 89 S.Ct. 630, 21 L.Ed.2d 570 (1968); *Jordan v. United States,* 370 F.2d 126, 129 (10th Cir. 1966), *cert. denied,* 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 595 (1967); and *Humes v. United States,* 186 F.2d 875, 878 (10th Cir. 1951). Generally, an abuse of discretion is not shown unless it is manifest from the record that probation was denied for some arbitrary reason wholly unrelated to the statutory standard to be applied in determining whether to grant probation. *Whitfield v. United States,* 401 F.2d at 482; *Jordan v. United States,* 370 F.2d at 129. By way of example, an appellate court found an abuse of discretion where the trial court automatically denied probation to all defendants who stood trial, as opposed to pleading guilty. *United States v. Wiley,* 267 F.2d 453 (7th Cir.1959).

Our reading of the present record fails to disclose any abuse of discretion on the part of the trial judge in denying probation to Thurber. To the contrary, it is evident to us, as it was to the trial court, that the present case posed a difficult problem for the sentencing judge. He considered this case on an individualized basis, weighed all factors, both pro and con, and then acted in accord with his best judgment on the matter. That the trial judge, in denying probation, stated that he had great difficulty in overlooking the fact that this case involves a violation of public trust by a

public official, who, we note, upon taking office, had signed an oath of office which provided, *inter alia,* that he would not knowingly accept money for the performance of an official act, does not itself constitute an abuse of discretion. Such fact was but one of many factors, carefully considered by the judge in making what is always a difficult decision for any trial judge: probation or imprisonment.

Judgment affirmed.