**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Drew McELRATH, Defendant-
Appellant.**

**No. 16686.**

United States Court of Appeals
Sixth Circuit.

May 19, 1967.

Thomas A. Williams, Asst. U. S. Atty., Chattanooga, Tenn., J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on brief, for appellee.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

These are direct appeals from convictions for violating 18 U.S.C. § 2113 (1964) and 18 U.S.C. § 2312 (1964) by robbing a federally insured bank and transporting a stolen car across a state line. Appellant received consecutive sentences of 15 years and 4 years after a jury trial in the United States District Court for the Eastern District of Tennessee, Southern Division.

Subsequent to trial and sentence, appellant's then court-appointed counsel filed a motion for new trial claiming prejudicial error in the admission of testimony from a woman as to whom defendant-appellant claimed a common-law marital relationship, and as to pretrial and trial publicity. These were denied and the claim of appeal was filed belatedly but ultimately allowed on an order by a District Judge.

Subsequent thereto, motion for appointment of counsel on appeal and the furnishing of a transcript was filed before this court. On opposition being filed by the government to the latter, the transcript portion of the motion was granted limited to the common-law wife issue.

Counsel appointed by this court, however, received a lengthy communique from his client and proceeded to advance before us in his brief not the two issues which were the subject of motion for new trial, but ten issues. Without passing on the procedural errors which this sometimes *in pro. per.* appellate record presents, we elect to consider all ten issues.

At trial appellant's co-defendant was identified as the man who entered and robbed the bank. Government wit-

Charles B. Ginocchio (Court Appointed), Cincinnati, Ohio, for appellant.

nesses, however, identified appellant as being in the get-away car. The government also produced witnesses who directly and by inference implicated him in the robbery by his actions or statements before and after the robbery. In our opinion, absent prejudicial error, there was ample evidence to require our affirmance of the jury verdict.

Appellant's brief emphasizes three principal claims of error. They are prejudicial publicity prior to and during trial, the admission of the testimony of a woman whom appellant asserts to have been his common-law wife, and improper comment by the government prosecutor in his closing argument.

■ Without detailing the facts asserted and giving appellant's version full credit, we find no error in the District Judge's handling of the pretrial and trial publicity. It is apparent to us that the pretrial publicity did not approach the sort of problem dealt with in Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L. Ed.2d 751 (1961) and Rideau v. State of Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963). Nor was there the impact on the jury of highly prejudicial information and contact from outside the courtroom which characterized Sheppard v. Maxwell, 384 U.S. 333, 86 S. Ct. 1507, 16 L.Ed.2d 600 (1966). We find no prejudicial error in Judge Wilson's rulings on this issue.

■ Appellant asserts that he was cohabiting with a woman whom he regarded as his common-law wife and that the government elicited damaging evidence from her in violation of the husband and wife privilege. Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed. 2d 125 (1958); Brunner v. United States, 168 F.2d 281 (C.A.6, 1948). This issue was raised vigorously by appellant's trial counsel. The District Judge took testimony on a separate record, which we have inspected, before admitting her testimony. At the time of the communication as to which appellant claims privilege, the woman in question had an existing marriage to another man. Under the law of the domiciliary state, no common-law marriage could be consummated with appellant until after the dissolution of the earlier marriage. Toole v. Gallion, 221 Ga. 494, 144 S.E.2d 360 (1965). The essential elements of a common-law marriage were not established so as to support the invoking of the privilege.

■ At oral argument appellant emphasized claims pertaining to prejudicial comment by the government prosecutor during his jury argument. Since the facts asserted represented possible error, the court ordered a transcript of the closing argument to be furnished at government expense with supplementary briefs on this issue. The transcript and the briefs now reveal the appellant's memory to have been somewhat more colorful than the facts. It does appear that the prosecutor in his closing argument stated that appellant's accomplice [1] was in the courtroom during the trial (as apparently had been established before the jury) and that appellant's counsel could have called him. This, however, was done after appellant's counsel had argued that the government should have called the accomplice as a witness, but had failed to do so. No objection was made to this response. We find no prejudicial error in the transcript of the government summation.

This record indicates that appellant has been represented by vigorous and able counsel at trial and on appeal.

We have examined such other issues as are presented and find no merit to them.

Affirmed.

---

[1]. The accomplice, one Coogler, was charged as a co-defendant with appellant. However, prior to appellant's trial, Coogler had pleaded guilty and been sentenced. He was brought from a federal penitentiary to Chattanooga for appellant's trial on process issued by the prosecution.