UNITED STATES of America,
Plaintiff-Appellee,

v.

Anthony CIMINI and John J. O'Malley,
Defendants-Appellants.

Nos. 20002, 20003.

United States Court of Appeals,
Sixth Circuit.

June 1, 1970.

Carl Ziemba, Detroit, Mich., for appellants; Louisell & Barris, by Carl Ziemba, Detroit, Mich., on brief.

Michael B. Pollack, U. S. Dept. of Justice, Detroit, Mich., for appellee; James H. Brickley, U. S. Atty., Detroit, Mich., on brief; James E. Ritchie, Michael B. Pollack, Sp. Attys., U. S. Dept. of Justice, Detroit, Mich., of counsel.

Before PHILLIPS, Chief Judge, and COMBS and BROOKS, Circuit Judges.

PHILLIPS, Chief Judge.

John O'Malley and Anthony Cimini appeal their convictions by a jury for violation of 18 U.S.C. § 659 and for con-

spiracy under 18 U.S.C. § 371. Both were charged in two counts of a three count indictment. Count one charged them with conspiracy to steal, conceal and convert to their own use goods moving as or constituting an interstate shipment. Count three charged them with receiving and possessing the goods knowing them to have been stolen. Four other defendants were charged in one or more of the counts of the indictment, and all were tried in a joint trial.

During the course of the trial certain publicity appeared in local newspapers at Detroit which was the situs of the trial. It concerned some of the defendants with particular mention being made respecting O'Malley's trial counsel. It appears from the record that most of the jurors at least were aware of the publicity, and it further appears that it may have been mentioned in the jury room. On voir dire examination by the court, however, every juror affirmed that no publicity nor any mention of it had affected his ability to render a fair and impartial verdict.

On this appeal both Cimini and O'Malley urge that the publicity was such that they were deprived of a fair trial. We find this contention to be without merit. At worst the publicity was no more than mildly adverse. A reading of the record convinces us that the defendants were not prejudiced by it. There is not a sufficient showing of prejudice. The publicity complained of was not of the type which would require a new trial without a showing of prejudice, nor was it the type which we could presume to have been prejudicial. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600; United States v. McElrath, 377 F.2d 508, 510 (6th Cir.), cert. denied, 395 U.S. 915, 89 S.Ct. 1764, 23 L.Ed.2d 229. See also United States v. Barnes, 383 F.2d 287, 294 (6th Cir.), cert. denied, 389 U.S. 1040, 88 S.Ct. 780, 19 L.Ed.2d 831.

No error appearing in the District Court's denial of Cimini's motion for a new trial, the judgment is affirmed as to him.

O'Malley makes two further contentions on his appeal. The first challenges the conviction for conspiracy. It is urged that the evidence does not show that O'Malley was a part of the conspiracy to steal, receive and possess the goods, inasmuch as the evidence shows that he did not enter into the conspiracy until some point after the trailer containing the goods had already been stolen. This contention lacks merit.

The record reveals that shortly after the goods were stolen O'Malley was contacted with respect to helping the defendants store or secrete the goods until they could be disposed of. For the purpose of finding a place to hide the stolen cargo, one of the conspirators went to O'Malley's residence. O'Malley was instrumental in finding a place with sufficient space where the goods could be stored. He participated in unloading them.

As for this conspiracy charge it was necessary to show that the conspiracy encompassed an anti-federal intent, or that its scope was sufficiently broad as to include an anti-federal intent, i. e. intent to steal from interstate commerce, or to steal goods without regard to their source. Nassif v. United States, 370 F. 2d 147, 152 (8th Cir.). It is beyond dispute that the conspiracy involved in this case was sufficiently broad.

The evidence does not show that O'Malley was an original conspirator. By his participation in the storing of the stolen goods, however, he committed acts in furtherance of the conspiracy which justified the jury in concluding that he adopted the conspiracy after it was underway. The rule is that where a conspiracy is already in progress, a late comer who knowingly joins it takes it as he finds it and he may be held responsible for acts committed in furtherance of the conspiracy before he joined it. Poliafico v. United States, 237 F.2d 97, 104 (6th Cir.), cert. denied, 352 U.S. 1025, 77 S.Ct. 590, 1 L.Ed.2d 597, rehearing denied, 353 U.S. 931, 77 S.Ct. 718, 1 L.Ed.2d 725; United States v. Sansone, 231 F.2d 887, 893 (2d Cir.), cert.

denied 351 U.S. 987, 76 S.Ct. 1055, 100 L.Ed. 1500. O'Malley may be held for the original acts of the conspirators without regard to whether at the time he joined the conspiracy he knew the goods had been taken from an interstate shipment, and this includes their agreement to steal the goods.

 O'Malley further urges that the evidence fails to prove that he received or possessed the goods, or aided or abetted in the receiving and possessing. This contention is also without merit. The evidence shows that after O'Malley had arranged for the storage place he opened the door and helped unload the stolen goods. When part of the goods were to be removed it was O'Malley who was contacted. Notwithstanding that O'Malley lacked a proprietary interest in the storage facility, we hold that he exercised a sufficient degree of custody and control to justify a jury finding that he had either actual possession or most assuredly constructive possession. United States v. Casalinuovo, 350 F.2d 207 (2d Cir.).

We find sufficient evidence in the record to support the conviction of O'Malley on both counts.

Affirmed.