Edward H. HOLT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 195-70.

United States Court of Appeals, Tenth Circuit.

Dec. 22, 1970.

Rehearing Denied Feb. 17, 1971.

Jonathan M. Landers, Associate Professor of Law, Lawrence, Kan., for appellant.

Nathan G. Graham, U. S. Atty., Tulsa, Okl. (Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

PICKETT, Circuit Judge.

In this 28 U.S.C. § 2255 proceeding appellant Holt seeks to vacate a judgment and sentence entered on his plea of nolo contendere to 2 counts of a 21-count indictment charging him with violation of the Mail Fraud Statutes, 18 U.S.C. § 1341. The plea was entered on October 28,

1968. The basis of the motion is that the district court, prior to accepting the plea, failed to comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure. The district court found from an examination of the record that Holt had been "fully advised of the charges against him and did voluntarily, knowingly and understandingly enter his plea of nolo contendere to counts 1 and 2 of the Indictment" and dismissed the petition without a hearing.

When first arraigned Holt appeared in court with his attorney, entered a plea of not guilty, and demanded a jury trial. Prior to trial Holt again appeared before the court with his attorney, who advised the court that the plea of not guilty as to counts 1 and 2 of the indictment would be withdrawn and a plea of nolo contendere entered to those counts. An assistant United States attorney then questioned Holt at length in regard to the voluntariness of the plea. In response to this questioning Holt stated that his attorney had represented him satisfactorily, had discussed with him all aspects of the case, that he knew the consequences of his plea, including possible sentence, and with this knowledge desired to change his plea as to counts 1 and 2 of the indictment. Holt was then sentenced to the maximum term permitted by law under the provisions of 18 U.S.C. § 4208(a) (2).

It is clear that the court, before accepting Holt's plea of nolo contendere, did not comply with the mandatory requirements of Rule 11. As pointed out in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the plain words of the 1966 amendments to Rule 11 require the judge, not someone else, before accepting a plea of guilty or nolo contendere, to address inquiries to the defendant in person for the purpose of making certain that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. The *McCarthy* Decision of April 2, 1969 is applicable only from that date, and not when the amended rule became effective on July 1, 1966.

Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). As a consequence, we revert to the law of this circuit prior to April 2, 1969 to determine the validity of the plea.

Recently, in Young v. United States, 433 F.2d 626 (Oct. 7, 1970), this court considered a like question, stating:

" * * * It must also be conceded that a plea entered under these circumstances would not satisfy the literal requirements of Rule 11, Fed.R.Crim. P., as amended July 1, 1966, and that the application of the amended rule would mandate the vacation of the sentence in order to permit Young to plead anew. See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. But the amended rule is not retroactive and the question here is whether it affirmatively appears that the plea was entered voluntarily and intelligently in a manner to fully satisfy the constitutional requirements of due process. See Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. And also see Jenkins v. United States, 10 Cir., 420 F.2d 433, and Barber v. United States, 10 Cir., 427 F.2d 70. Before the 1966 amendment Rule 11 did not require any ritual of words to insure an intelligent and voluntary plea. See Murray v. United States, 10 Cir., 419 F.2d 1076. But being ever mindful of the gravity of a guilty plea, we have often stated in slightly different language that before accepting a plea of guilty, the sentencing court should either advise the defendant or be certain that he had been fully advised of the consequences of his plea. See Jenkins v. United States, supra, quoting Harper v. United States, 10 Cir., 368 F.2d 53. And see also Wolcott v. United States, 10 Cir., 407 F.2d 1149, and cases cited there."

Upon consideration of this record we are convinced that it affirmatively shows that the nolo contendere plea was voluntarily and understandingly made. Holt testified that he had "fully discussed all aspects of this case" with his attorney.

The acceptance of a plea of nolo contendere to 2 counts and the dismissal of the remaining 19 counts indicates substantial discussion between Holt and his attorney, and no doubt, some plea negotiations.

Affirmed.