**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kermit Lowell WHITE, Defendant-
Appellant.**

**No. 71–1346.**

United States Court of Appeals,
Sixth Circuit.

Nov. 29, 1971.

William E. Badgett, Knoxville, Tenn., court appointed, for defendant-appellant.

W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee; John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., on brief.

Before PHILLIPS, Chief Judge, EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

■ Appellant was tried and convicted before a jury for transporting stolen goods moving in interstate commerce valued at more than $5,000, in violation of 18 U.S.C. § 2314 (1970). He was arrested near Knoxville, Tennessee, on June 3, 1969, while hauling a trailer loaded with 40,000 pounds of stolen butter. The trailer, with its load of butter, had been stolen in Melvindale, Michigan, on May 29, 1969. There was ample evidence from which the jury could have believed that appellant had knowledge of the fact that the trailer was stolen.

■ Appellant asserts, however, that the statute requires not only proof that he knew that he was hauling stolen goods, but also that he knew that the goods had moved or were moving in interstate commerce.

The statute in question says in applicable part:

"2314. *Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting.*

"Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; * * *

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both. * * *" 18 U.S.C. § 2314 (1970).

Obviously, the bare language of the statute does not require proof of scienter as to interstate transportation as an element of the crime. Nor have the courts found any reason for such an interpretation.

Dealing with a preceding statute to the same effect, Judge Augustus Hand said:

"To convict of that offense, it was only necessary to show that the defendant knew that the goods were stolen and that they were in fact transported in interstate or foreign commerce. *See* opinion of Warrington, J., in Kasle v. United States, 6 Cir., 233 F. 878, 882. *See also* Rosen v. United States, 2 Cir., 271 F. 651, 654, 655; Loftus v. United States, 7 Cir., 46 F. 2d 841, 847." United States v. Tannuzzo, 174 F.2d 177 (2d Cir. 1949).

In the Sixth Circuit case relied on by Judge Hand, this court said:

"As we interpret the statute such an allegation is not necessary. One who knowingly receives stolen chattels must do so at the peril of their having been stolen while in course of interstate transportation; indeed it is not perceived why the thief should escape conviction under this statute just because he did not know the points of origin and destination. Manifestly both the receiver and the thief are chargeable with knowledge of the act of Congress forbidding this particular theft, quite as certainly as they are of a state statute prohibiting theft generally. The status of the articles, in the sense of being interstate or intrastate in character, cannot in the nature of things affect the fact either of the stealing or receiving alleged; and the statute, whether federal or state, is at bottom aimed against stealing or receiving. The most then that can be said of the object of allegation, as well as proof, touching the interstate character of the articles is to show the existence of the condition which brought the subject within the federal power and jurisdiction." Kasle v. United States, 233 F. 878, 882 (6th Cir. 1916).

More recently, and dealing with the present statute, the Second Circuit said:

"The case against Richman is even stronger, since for conviction on the substantive charge proof of knowledge of interstate transportation is not required. United States v. Tannuzzo, 174 F.2d 177, 180 (2d Cir.), cert. denied, 338 U.S. 815, 70 S.Ct. 38, 94 L. Ed. 493 (1949); United States v. Kierschke, 315 F.2d 315 (6th Cir. 1963)." United States v. Mingoia, 424 F.2d 710, 713 (2d Cir. 1970).

 In the instant case the evidence that the trailer load of stolen butter was moving in interstate commerce was conclusive, as was the evidence that appellant was transporting it when he was arrested. The District Judge properly charged that possession of recently stolen property permits an inference that the possessor knows it was stolen, unless such possession is satisfactorily explained. United States v. Wolfenbarger, 426 F.2d 992 (6th Cir. 1970). But in this case, there was a good deal more evidence bearing on guilty knowledge than the inference arising from possession.

The District Judge's instructions actually were somewhat more favorable to appellant than he was entitled to.

The judgment of the District Court is affirmed.