OWEN, Judge.
Appellant, Stanley Eugene Boyd, was informed against in the Criminal Court of Record in and for Orange County, Florida with the crime of carrying a concealed firearm contrary to F.S. section 790.01(2), F.S.A. Represented by privately retained counsel, appellant withdrew his previously entered plea of not guilty and entered a plea of guilty to the crime as charged in the information. He was adjudged guilty, sentenced and timely filed notice of appeal *706 on November 24, 1970. This is case No. 70-1040.
On December 9, 1970, appellant made application to the trial court for an order of insolvency, the order being entered the same date. Nine days later, apparently without filing a motion under Rule 6.8, F. A.R., 32 F.S.A., for an order directing the reporter to transcribe the proceedings before the court, appellant filed an original proceeding in the Supreme Court of Florida for a writ of mandamus to require the clerk of the trial court to produce the minutes of the proceedings. A rule nisi was entered, and upon response thereto the Supreme Court entered its order of March 18, 1971, transferring the mandamus proceedings to this court with directions to determine whether petitioner was entitled to a delayed appeal. The transferred mandamus proceeding is assigned our Case No. 71-362.
The order transferring the mandamus proceeding to this court implies that we have the jurisdiction to (and should) decide the matter. Since appeal No. 70-1040 is a timely direct appeal, appellant is not entitled to a delayed appeal. The rule nisi heretofore issued is discharged and the petition for writ of mandamus dismissed in Case No. 71-362.
The sole question presented on the direct appeal is whether the court erred in accepting appellant’s plea of guilty without undertaking an investigation as to the existence of a factual basis for the guilty plea. While this is a pre-requisite in the federal trial courts because of a rule requirement, Fed.Rules Cr.Proc. Rule 11, 18 U.S.C.A., it is not a requirement in the state courts of this jurisdiction. All that is required before accepting a guilty plea is that the court determine that the plea is made voluntarily with understanding of the nature of the charge. Rule 1.170(a) CrPR, 33 F.S.A.
The record of the trial court proceedings at which the guilty plea was tendered and accepted by the court affirmatively discloses the detailed inquiry which the court conducted of the appellant personally to determine not only that appellant’s plea was made voluntarily with understanding of the nature of the charge, but also that appellant was fully advised as to the constitutional rights which he waived by entering the guilty plea. No error has been shown. The judgment in appeal No. 70-1040 is affirmed.
CROSS and MAGER, JJ., concur.