UNITED STATES of America, Appellee,

v.

Roy Milton BIRMINGHAM et al., Appellants.

Nos. 694–70 to 700–70.

United States Court of Appeals, Tenth Circuit.

Nov. 30, 1971.

Rehearing Denied Feb. 16, 1972.

See also 10 Cir., 447 F.2d 1313.

Ben F. Baker, Asst. U. S. Atty. (Nathan G. Graham, U. S. Atty., on the brief), for appellee.

David M. Thornton, Tulsa, Okl., for appellants.

Before HILL, McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

The seven appellants in this consolidated appeal, along with four others, were jointly indicted in count one of a two count indictment with unlawfully conspiring to receive, conceal, buy, sell and facilitate the distribution of heroin after such had been imported into the United States contrary to law, with knowledge on the part of the named defendants of such unlawful importation, all in violation of 21 U.S.C. § 174. In count two of the indictment the defendants were charged with unlawfully conspiring to sell, barter, exchange and give away heroin not in pursuance of a written order written for that purpose as provided by 26 U.S.C. § 4705(a).

One of the present appellants, Roy Milton Birmingham, on rearraignment pleaded guilty to both counts and was sentenced to ten years on each count, with the sentences to run concurrently. Birmingham thereafter filed a notice of appeal and his position in this court is that his plea of guilty was improperly received by the trial court in that the trial court failed to comply with the mandatory provisions of Rule 11 of the Federal Rules of Criminal Procedure, citing McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). We agree.

In *McCarthy,* it was held that Rule 11 not only requires the trial judge before accepting a tendered plea of guilty to make inquiry as to the defendant's understanding of the nature of the charge and the consequences of the plea, but also requires the trial judge to satisfy himself that there is a factual basis for the plea. The record discloses that such inquiry was not made by the trial court in accepting Birmingham's plea of

guilty. *McCarthy* also held that noncompliance with Rule 11 required that the defendant's plea of guilty be set aside and the case remanded for another hearing at which he would plead anew.

The rule of *McCarthy* was applied by us in United States v. Sanders, 10 Cir., 435 F.2d 1282 (1970), in a factual setting closely akin to the present one. Sanders, like Birmingham, was charged with a narcotics violation, and each was arraigned before the same trial judge within three months of each other. Coincidentally, Sanders, though not a party to this proceeding, was one of the eleven named in the indictment, and his name was mentioned by several of the witnesses in the trial of the instant case. In short, the arraignment proceedings in *Sanders* are the same as those that occurred when Birmingham pleaded guilty. In *Sanders*, we held that because the trial court failed to inquire as to whether the defendant understood the nature of the charge, the plea of guilty previously entered should be vacated and the defendant permitted to plead anew. *Sanders* dictates a similar result as concerns Birmingham's request that his plea of guilty be vacated and that he too be permitted to plead anew.

The other six appellants, namely, Jo Ann Chiles, John Lee Johnson, N. J. Johnson, Elmer Gene Manuel, Troy Newton, and Charlie Smith, pleaded not guilty and stood trial. Upon trial each was convicted by the jury on both counts of the indictment and all now seek reversal of the judgments and sentences imposed upon the verdicts thus returned. Grounds urged for reversal are: (1) the trial court's instruction regarding inferences to be drawn from unexplained possession of heroin was prejudically erroneous; (2) the evidence is legally insufficient to support the guilty verdicts returned by the jury; and (3) error by the trial court in denying motions filed by the defendants seeking disclosure of matters occurring before the grand jury, including an inspection of grand jury records and proceedings.

■ Instruction No. 11 given the jury provides that if the jury found from the evidence beyond a reasonable doubt that a defendant did have possession of heroin, the fact of such possession alone, unless otherwise explained to the satisfaction of the jury by evidence in the case, would permit the inference that the heroin in question was imported into the United States contrary to law and would permit the further inference that the defendant having such possession had knowledge that the heroin had been imported into the United States contrary to law. This instruction was based on the following language contained in 21 U.S.C. § 174:

> "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

In Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), the United States Supreme Court upheld an instruction based on 21 U.S.C. § 174 which permitted the jury to infer knowledge of illegal importation from the unexplained possession of heroin. The court declared that permitting such an inference did not violate the defendant's right to be convicted only on a finding of guilt beyond a reasonable doubt and did not place impermissible pressure on him to testify in his own defense. In thus holding, the court noted that since little, if any, heroin is made in this country and that virtually all heroin consumed in the United States is illegally imported, § 174 is valid insofar as it permitted the jury in *Turner* to infer that the heroin possessed was a smuggled drug.

Counsel recognizes that *Turner* upholds the type of instruction given in the instant case against constitutional attack. However, it is argued that the instruction should spell out in so many words that the jury is not only autho-

rized to infer the elements in question, but is also authorized *not* to infer such elements, as suggested in United States v. Crespo, 422 F.2d 718 (2d Cir. 1970), cert. denied, 398 U.S. 914, 90 S.Ct. 1716, 26 L.Ed.2d 77 (1969). Whether such would be better practice we need not here debate. Our examination of instruction No. 11, along with the other instructions, leads us to conclude that the jury understood that while in certain defined circumstances it was *permitted* to draw certain inferences, it was at the same time *not required* to thus infer. We find no error in instruction No. 11.

■ It is next urged that the evidence is insufficient to support the verdicts returned by the jury. We disagree. Our study of the reporter's transcript convinces us that there is ample evidence to support the determination that the appellants, and all of them, did conspire in the manner charged in the indictment. Without detailing the incriminatory testimony adduced upon trial, we would summarize that the evidence disclosed that heroin was purchased in California and Texas, brought to Tulsa, Oklahoma, where it was packaged and then sold to users at a considerable profit, a $500 purchase of unpackaged heroin retailing for $12,500. The testimony indicated that each of the appellants was involved to some extent and in some manner with the overall operation, with N. J. Johnson being the source of the heroin purchased in California, and Charlie Smith the source of the heroin purchased in Texas. The other appellants, Jo Ann Chiles, John Lee Johnson, Elmer Gene Manuel and Troy Newton, were variously involved in the total operation, primarily in the sale and distribution of the packaged heroin in Tulsa.

■ It is true, as is argued by counsel, that proof of the commission of an isolated criminal act does not necessarily prove the existence of a conspiracy. In the instant case, however, the evidence showed the commission of numerous criminal acts extending over a prolonged period of time under circumstances which would clearly permit the determination by the jury that a conspiracy did exist. *See* Jordan v. United States, 370 F.2d 126 (10th Cir. 1966), cert. denied, 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 595 (1967), where it was observed that the proof necessary to support a conviction for conspiracy is generally not direct in nature and that the very nature of the offense and the secrecy necessarily involved require that the elements of the crime be established by circumstantial evidence and that the common purpose or plan could be inferred from the development or the combination of circumstances. *See also* United States v. Winn, 411 F.2d 415 (10th Cir. 1969), cert. denied, 396 U.S. 919, 90 S.Ct. 245, 24 L.Ed.2d 198 (1969), where we recognized that conspiracies are seldom formalized, but rather spring from activities and associations deemed sufficient to justify the inference that two or more of the parties did tacitly agree and combine to violate the law.

■ As a corollary of his attack on the sufficiency of the evidence, counsel asserts that the Government's case was based almost entirely on the testimony of three persons, each of whom was a narcotics user and an accomplice. This is true, though in our view there was some independent corroborating evidence in the form of testimony concerning telephone calls placed by one of the defendants in Tulsa, Oklahoma, to the residence of N. J. Johnson in California. In any event, the weight to be given the testimony of an informer and a user of narcotic drugs is for the jury. United States v. Frazier, 434 F.2d 238 (10th Cir. 1970).

■ As concerns the attack made by the appellants on the grand jury proceedings and the indictment returned by the grand jury, Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), would seem to be controlling. In this regard the real thrust of appellants' argument is that there was no evidence before the grand jury to support the indictment returned. As

a practical matter, in the instant case no recording was made of the grand jury proceedings to the end that the Government had no transcribed testimony of witnesses appearing before the grand jury. In any event, in *Costello* the United States Supreme Court declined to establish a rule which would permit a defendant in a criminal case to challenge the indictment on the ground that it was not supported by adequate or competent evidence.

The judgment and sentence as it relates to Birmingham is reversed and the matter is remanded to the trial court with the direction that Birmingham's plea of guilty be vacated and he be permitted to plead anew. The judgments and sentences which pertain to Jo Ann Chiles, John Lee Johnson, N. J. Johnson, Elmer Gene Manuel, Troy Newton and Charlie Smith are affirmed.