**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joe Ben WEBB, Defendant-Appellant.**

**No. 72–1059.**

United States Court of Appeals,
Tenth Circuit.

June 8, 1972.

Stephen Jones and Michael P. Atkinson, Enid, Okl., for defendant-appellant.

William R. Burkett, U. S. Atty., and Floy E. Dawson, Asst. U. S. Atty., for plaintiff-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

Joe Ben Webb, the appellant, appeals his conviction for violation of 21 U.S.C. § 174 (unlawfully conspiring to receive, conceal, buy, sell and facilitate the distribution and sale of heroin).

The first issue presented for our review is a challenge, on various grounds, to the constitutionality of the statute in question. The crime of conspiracy is itself generally challenged and Webb would have us hold that an indictment charging a conspiracy, under this or any other statute, is invalid. The matter is so well-settled in the criminal

law that we refrain from any discussion or further comment thereto. Next, the statute is challenged on the ground that it permits the inference of unlawful importation of heroin from its mere possession. We are unimpressed since this provision of the statute, more than any other, has withstood repeated constitutional challenges. See Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L. Ed.2d 610 (1970); United States v. Birmingham, 454 F.2d 706 (10th Cir. 1971); and United States v. Butler, 446 F.2d 975 (10th Cir. 1971) as representative cases.

■ Lastly, on this issue, Webb complains of double jeopardy in that he *may* still be prosecuted on unrelated substantive charges defined in the same statute (we note that the statute defines three offenses, two of which are substantive), Palomino v. United States, 318 F.2d 613 (9th Cir. 1963), cert. denied 375 U.S. 932, 84 S.Ct. 335, 11 L.Ed.2d 264. This and similar arguments are also well-settled. See Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); United States v. Keine, 436 F. 2d 850 (10th Cir. 1971), cert. denied, Wilson v. United States, 402 U.S. 930, 91 S.Ct. 1531, 28 L.Ed.2d 864; Carter v. United States, 333 F.2d 354 (10th Cir. 1964); and United States v. Jones, 334 F.2d 809 (7th Cir. 1964), cert. denied 379 U.S. 993, 85 S.Ct. 707, 13 L.Ed.2d 613. In any event, double jeopardy will not arise as an issue until, if ever, Webb is substantively charged, for at this time the matter is merely speculative and therefore not appropriate for our consideration.

The appellant contends that if the hearsay and uncorroborated testimony of the two co-conspirators is removed from the record, the evidence is insufficient to convict. The statement acknowledges, and in our review of the trial transcript we agree, that there is sufficient evidence. The question is really resolved by viewing the challenges to the testimony of the co-conspirators.

■ ■ A conviction may be based on the uncorroborated testimony of accomplices if believed by a jury, providing that the court has instructed the jury that accomplice testimony must be weighed with great care and received with caution. United States v. Birmingham, 447 F.2d 1313 (10th Cir. 1971); United States v. Lujan, 444 F.2d 103 (10th Cir. 1971); United States v. Reid, 437 F.2d 94 (10th Cir. 1971); Butler v. United States, 408 F.2d 1103 (10th Cir. 1969). Webb was afforded this cautionary instruction and has no ground to complain. Also, the testimony of the co-conspirators was admissible and not excludable as hearsay. United States v. Butler, 446 F.2d 975 (10th Cir. 1971). As in *Butler*, the testimony was of matters occurring during the period of the conspiracy and with full opportunity for cross-examination of each by defense counsel.

■ Finally, and raised for the first time in the reply brief, the appellant contends that the statutory presumption of illegal importation is not permissible in this case where the evidence showed possession of only .463 grains of heroin. The quantity involved is of no consequence for a conviction will be upheld where any measurable amount is found. United States v. Sudduth, 458 F.2d 1222 (10th Cir. 1972). Additionally, the possession as used in this statute includes both actual and constructive possession. See Jefferson v. United States, 340 F.2d 193 (9th Cir. 1965), cert. denied 381 U.S. 928, 85 S.Ct. 1567, 14 L.Ed.2d 686; and Valentine v. United States, 293 F.2d 708 (8th Cir. 1961), cert. denied 369 U.S. 830, 82 S.Ct. 848, 7 L.Ed.2d 795. The contention that the sentence was excessive because of the quantity of heroin involved is without merit since the sentence was within the statutory limits.

Affirmed.