**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Samuel Kenneth GARAFOLA, Defendant-
Appellant.**

**No. 72–1362.**

United States Court of Appeals,
Sixth Circuit.

Nov. 29, 1972.

John D. O'Connell, Detroit, Mich., for
defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., De-
troit, Mich., for plaintiff-appellee.

Before WEICK, EDWARDS and MIL-
LER, Circuit Judges.

PER CURIAM.

Appellant in this case was convicted
after jury trial in the Eastern District
of Michigan, Southern Division, on a
charge of conspiring with three others,
in violation of 18 U.S.C. § 371 (1970),
to steal a trailer load of liquor which
was moving in interstate commerce. On
this appeal he concedes participation in
the conspiracy alleged, but argues that
he was not guilty of any federal offense,
since he claims he did not know that the
goods to be stolen were moving in inter-
state commerce.

There is ample testimony in this rec-
ord that the trailer load of liquor which
appellant conspired to steal (and did help
illegally to move out of the freight yard)
was in fact in interstate shipment and
no appellate issue is presented on this
score. Our issue concerns only the con-
cept of scienter.

In dealing with a conviction
for transporting stolen goods which were
moving in interstate commerce, in viola-
tion of 18 U.S.C. § 2314 (1970), this
court recently held that the government
had to prove that in fact the goods were
in interstate commerce when stolen, but
that it did not have to prove that the
transporter knew that the stolen goods
were actually in interstate commerce.
United States v. White, 451 F.2d 559
(6th Cir. 1971), cert. denied, 405 U.S.
1071, 92 S.Ct. 1522, 31 L.Ed.2d 804
(1972); *see also* United States v. Wages,
458 F.2d 1270 (6th Cir. 1972). This
holding, however, does not answer the
problem of our instant appeal, since con-
ceptually the federal crime of conspiracy
does require proof of an intent, actual
or implied, to violate a federal law.

On this score this court has adopted
the following rule:

As for this conspiracy charge it was
necessary to show that the conspiracy
encompassed an anti-federal intent, or
that its scope was sufficiently broad as
to include an anti-federal intent, i. e.
intent to steal from interstate com-
merce, or to steal goods without re-
gard to their source. Nassif v. Unit-

ed States, 370 F.2d 147, 152 (8th Cir.). It is beyond dispute that the conspiracy involved in this case was sufficiently broad. United States v. Cimini, 427 F.2d 129, 130 (6th Cir.), cert. denied, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970).

*See also* Nassif v. United States, 370 F.2d 147 (8th Cir. 1966).

The language just quoted from our court's opinion in *Cimini* is directly applicable to and decisive of the principal issue in this case.

As for the trial judge's charge, when it is taken in context, we find no reversible error.

The judgment of the District Court is affirmed.