299 So.2d 649 (1974)
James H. CHURCH, Appellant,
v.
STATE of Florida, Appellee.
No. 73-875.
District Court of Appeal of Florida, Fourth District.
July 19, 1974.
Rehearing Denied August 14, 1974.
*650 James M. Russ, Michael F. Cycmanick and H. Franklin Robbins, Jr., of Law Offices of James M. Russ, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellant pled guilty to the charge of unlawfully buying stolen property with an aggregate value in excess of $100.00, knowing the same to have been stolen. He was adjudged guilty and sentenced. He subsequently moved to vacate the judgment and sentence and this appeal is from denial of that motion.
The sole issue involved is whether the record affirmatively shows a sufficient factual basis for the plea of guilty. We conclude that it does. The court's inquiry of appellant (and of his son who was jointly charged with the same offense) established that both appellant and his son admitted buying a stove and refrigerator (as charged in the amended information) and that each acknowledged that he thought the property was probably stolen. We, therefore, affirm the order denying the motion to vacate the judgment and sentence.
We take this occasion to point out that Rule 3.170(j), RCrP,[1] which prescribes the responsibilities on the trial court for accepting a plea of guilty or nolo contendere, substantially increases the trial court's responsibility in such cases over what was formerly required under prior Rule 3.170(a), CrPR.[2] Included among the additional responsibilities are the requirements *651 that a record of the proceedings be made and that there be shown a factual basis for a plea of guilty, this latter requirement[3] being adopted from Rule 11 of the Federal Rules of Criminal Procedure.
There are federal decisions interpreting this specific requirement of Federal Rule 11 which have emphasized the need for an affirmative showing on the record that a factual basis exists to support a plea of guilty. For example, see McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Reed v. United States, 5 Cir.1973, 471 F.2d 721; United States v. Hedgecoe, 4 Cir.1970, 420 F.2d 458; United States v. Delsanter, 2 Cir.1970, 433 F.2d 972; United States v. Birmingham, 10 Cir.1971, 454 F.2d 706 (cert. den. 406 U.S. 969, 92 S.Ct. 2424, 32 L.Ed.2d 668); United States v. Townsend, 10 Cir.1972, 453 F.2d 1334; Cooks v. United States, 5 Cir.1972, 461 F.2d 530; Monroe v. United States, 5 Cir.1972, 463 F.2d 1032; and United States v. Thomas, 10 Cir.1972, 468 F.2d 422 (cert. den. 410 U.S. 935, 93 S.Ct. 1389, 35 L.Ed.2d 599).
Neither the rule itself nor cases interpreting it establish a standard method by which the existence of a factual basis to support a plea of guilty is to be established on the record. Most trial judges by now have developed a rather comprehensive list of questions to be propounded to a criminal defendant who expresses a desire to enter a plea of guilty or nolo contendere. It would seem quite acceptable that as to a defendant desiring to plead guilty, the trial judge simply add to his repertoire of questions such additional ones concerning the accused's participation in the charged offense as to make certain that there is shown on the record a factual basis in sufficient detail to show every element of the crime charged. Of course, it is not mandatory that the court personally conduct the interrogation of the accused for this purpose. Some of the acceptable alternatives as approved in the federal cases is for the court to take testimony from one or more witnesses sufficient to show a factual basis for the plea, or to have the prosecuting attorney give a detailed recitation of the evidence against the defendant in his presence, without his objection or contradiction and with his subsequent admission as to the truth of the evidence recited. See, Gilbert v. United States, 5 Cir.1972, 466 F.2d 533, 534; Wells v. United States, 5 Cir.1971, 452 F.2d 1001; Meyer v. United States, 8 Cir.1970, 424 F.2d 1181 (cert. den. 400 U.S. 853, 91 S.Ct. 92, 27 L.Ed.2d 91); and, Woodward v. United States, 3 Cir.1970, 426 F.2d 959.
Affirmed.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] Rule 3.170(j), RCrP. "(j) Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographically or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty.

"A complete record of the proceedings at which a defendant pleads shall be kept by the court."
[2] Rule 3.170(a), RCrP. "(a) Type of Pleas; Court's Discretion in Accepting. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."
[3] See Boyd v. State, Fla.App. 1971, 255 So.2d 705, in which we held, under the rules then in effect, that the state trial court was not required to determine a factual basis for the guilty plea before accepting the same.