**UNITED STATES of America,
Appellee,**

v.

**Earnest Dean SANDERS, Appellant.**

**No. 279-70.**

United States Court of Appeals,
Tenth Circuit.

Dec. 22, 1970.

Hubert H. Bryant, Asst. U. S. Atty., Tulsa, Okl. (Nathan G. Graham, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl., on the brief), for appellee.

William C. Boston, Jr., Oklahoma City, Okl., for appellant.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

PICKETT, Circuit Judge.

This is a direct appeal from a sentence entered after a plea of guilty by appellant Sanders to a 2-count indictment charging him and others with conspiring to violate 21 U.S.C. § 174, and 26 U.S.C. §§ 4705(a) and 7237(b), relating to the possession, distribution and sale of narcotic drugs. The sole contention presented is whether the plea of guilty is void because the sentencing court did not comply with the provisions of Rule 11, Federal Rules of Criminal Procedure, prior to accepting the guilty plea.

When Sanders appeared before the court for arraignment on March 12, 1970, an assistant United States attorney advised him that both counts of the indictment involved a conspiracy to sell and facilitate the sale of narcotics. Under questioning by the same attorney, Sanders stated that he understood the charges and the possible consequences of a conviction and was entering his plea of guilty voluntarily. The court then

explained the possible sentences under the statute, but made no inquiry as to Sanders' knowledge and understanding of the nature of the charges against him. It was developed that Sanders was an addict but had not received money from any sale of narcotics. Several weeks later at the sentencing proceedings the presentence report of the probation officer indicated that Sanders was a longtime drug addict and "that he entered into the cooperative scheme to satisfy his habit," and that Sanders' function in the scheme charged was to act as liaison between prospective customers and the source of narcotics supply.

Rule 11 provides that the court shall not accept a plea of guilty or a plea of nolo contendere "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Although the court explained to Sanders the consequences of the plea, no reference whatever was made to the nature of the charge.

The purpose of Rule 11 was recently discussed by the Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), under circumstances strikingly similar to those here presented. McCarthy appeared before the sentencing court with retained counsel who stated that he had informed McCarthy of the consequences of a plea of guilty and requested permission to withdraw a not guilty plea and enter a plea of guilty. The district judge inquired of McCarthy if he understood that a guilty plea waived his right to a jury trial and subjected him to five years' imprisonment and a $10,000 fine. McCarthy stated that he understood the consequences and wanted to plead guilty. He further stated to the court that the plea was not the result of threats or promises. The plea was accepted and sentence pronounced. The Supreme Court rejected the government's argument that the requirements of Rule 11 can be satisfied although the district judge does not personally inquire whether the defendant understands the nature of the charge, and held that a defendant is entitled to plead anew if the Rule 11 procedure is not fully adhered to.

The clear purpose of Rule 11, as stated in the McCarthy case, was to assist the sentencing judge in making the constitutionally required determination that the plea is voluntary. Before accepting a plea of guilty or nolo contendere the burden is placed upon the judge to address the defendant in person and make certain from inquiry and explanation that the plea is made voluntarily and that the accused understands the nature of the charges and also the consequences of the plea.[1] See Holt v. United States, 435 F.2d 1278 (10th Cir. 1970). A further purpose of this strict requirement is to produce a complete record at the time of the plea of necessary facts relative to the determination of the voluntariness of the plea.[2] Applying the McCarthy stand-

1. In McCarthy, supra, 472, 89 S.Ct. 1174, 22 L.Ed.2d 418, the Court stated: "It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."

2. With reference to the purpose of Rule 11, the Supreme Court, in McCarthy, supra, 466, 467, 89 S.Ct. 1171, 22 L.Ed. 2d 418, said: "These two purposes have their genesis in the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464 [58 S.Ct. 1019, 82 L.Ed. 1461] (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, be-

ards, the mandatory provisions of Rule 11 were not satisfied.

The judgments and sentences are reversed and the case remanded with instructions to vacate the plea of guilty and permit the defendant to plead anew.

cause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

\* \* \* \* \*

"To the extent that the district judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary. Both of these goals are undermined in proportion to the degree the district judge resorts to 'assumptions' not based upon recorded responses to his inquiries. \* \* \*"