Van Oosterhout, Circuit Judge, dissented and filed opinion.

**UNITED STATES of America,
Appellee,**

v.

**James CODY, Appellant.**

**No. 20452.**

United States Court of Appeals,
Eighth Circuit.

Feb. 18, 1971.

Murry A. Marks, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., Kenneth R. Heineman, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, GIBSON and LAY, Circuit Judges.

LAY, Circuit Judge.

The defendant James Cody was indicted for violating 18 U.S.C.A. §§ 922 (a) (6) and 924(a) by making a false and fictitious statement to a licensed firearms dealer in order to buy a firearm. On February 16, 1970, he was arraigned in United States district court and entered a plea of not guilty. On March 10, 1970, he withdrew his plea and entered a plea of guilty as charged. He was sentenced on March 30, 1970, for a term of 30 months in the custody of the Attorney General of the United States. On April 9, 1970, the defendant filed a motion to withdraw his guilty plea. A hearing was held and defendant's motion was subsequently overruled. This appeal followed. Defendant asserts on appeal that the district court erred in refusing to allow the defendant to withdraw his plea of guilty by reason of the trial court's failure to comply with Rule 11 of the Federal Rules of Criminal Procedure. We hold there was not compliance with Rule 11 and reverse the trial court's ruling.

On March 10, 1970, the defendant appeared with counsel before the district court. It was then announced by counsel that the defendant wanted to change his plea from not guilty to guilty as charged. The court asked the defendant his age and education. The defendant stated he was 40 years old and had about a tenth grade education. The substance of the indictment was read to the defendant. The court advised the defendant the maximum penalties which could be imposed; he ascertained from the defendant that no one had made any promise or threat to him in order to induce his plea.

Defendant contends that the district judge did not determine that there was a factual basis for the plea and whether the defendant properly understood the nature and consequences of his plea. The defendant argues that the district judge only said that he assumed that counsel had explained the indictment to the defendant and that "you have been over it and you understand what you are charged with." The defendant answered, "Yes."

Both parties agree the instant proceeding is controlled by Fed.R.Crim.P. 11 which reads:

"A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

■■ In McCarthy v. United States, 394 U.S. 459, 470, 89 S.Ct. 1166, 1173, 22 L.Ed.2d 418 (1969), the Supreme Court observed: "There is no adequate substitute for demonstrating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him." Ascertaining that the lawyer has gone over the indictment with the defendant is not in itself sufficient. The trial court must inquire directly of the defendant as to his "understanding." One of the purposes of Rule 11 as reflected by *McCarthy* is to allow inquiry into the "relation between the law and the acts the defendant admits having committed * * to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing his conduct does not actually fall within the charge.'" McCarthy v. United States, supra at 467, 89 S.Ct. at 1171. See also United States v. Sanders, 435 F.2d 1282

(10 Cir. 1970); United States v. Tucker, 425 F.2d 624 (4 Cir. 1970). Cf. Kress v. United States, 411 F.2d 16 (8 Cir. 1969).

The Supreme Court additionally commented:

> "To the extent that the district judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary. *Both of these goals are undermined in proportion to the degree the district judge resorts to 'assumptions' not based upon recorded responses to his inquiries.*" 394 U.S. at 467, 89 S.Ct. at 1171. (Emphasis ours.)

■ The present record is further deficient in that there exists nothing to demonstrate that the trial judge had satisfied himself that the plea of guilty had a basis in fact. This determination can be made other than through the defendant's own statements. As pointed out in *McCarthy,* the Advisory Committee on Criminal Rules has suggested three methods of determining that a factual basis exists for a guilty plea: (1) inquiring of the defendant, (2) inquiring of the prosecutor, and (3) examining the presentence report. 394 U.S. at 463 n. 6, 89 S.Ct. 1166. The government's argument that this was fulfilled by the prosecutor reading from the indictment in the presence of the defendant falls far short of demonstrating any factual basis for the defendant's plea. In oral argument the government refers us to the recent case of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970), where a plea bargain

was upheld and the plea of guilty was ruled valid notwithstanding the defendant's refusal to factually admit the offense charged. The *Alford* decision was not intended to amend Rule 11 or erode the strict requirements of *McCarthy.* North Carolina v. Alford must be read in its narrow factual context. The record demonstrated there that, notwithstanding Alford's refusal to factually admit guilt, at the guilty plea proceeding the state called several witnesses who pointed a strong finger of guilt to him. There existed a clear showing as to factual basis of Alford's guilt for the court to weigh at the time of his plea. We are convinced the ominous consequences of self-conviction resulting from a guilty plea[1] must still be guarded by thorough judicial inquiry[2] as required by Rule 11. It did not happen here.

■ The government finally argues that there was no showing of "manifest injustice" in refusing to allow the withdrawal of the plea under Fed.R.Crim.P. 32(d). The quick answer to this argument is found in *McCarthy* where the Supreme Court said: "[A] defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." 394 U.S. at 463–464, 89 S.Ct. at 1169.

Judgment reversed and remanded.

### Appendix

Although there exists no set standard or requirements as to conducting a guilty plea proceeding, a recommended procedure is found in the *Bench Book for United States District Judges.* This book was prepared in October 1969 under the auspices of the Federal Judicial Center after compilation by the staff of the Institute of Judicial Administration under the supervision of a committee of

---

1. As recently emphasized by Judge Pickett in United States v. Sanders, 435 F.2d 1282 (10 Cir. 1970), the Supreme Court in *McCarthy* observed:

> "It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, the district judge take the few minutes necessary to inform them of their rights and determine whether they understand the action they are taking."

2. See appendix, infra.

United States district judges. It reads in pertinent part at 1.05.2–1.05.3:

"5. If defendant's plea is guilty or nolo contendere: [FRCrP 11; McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).]

a. before accepting plea:

(1) ascertain and make finding that defendant:

(a) is acting voluntarily (if in doubt, consider whether the defendant should be committed to a hospital for a mental examination, 18 USC 4244);

(b) fully understands his rights;

(c) fully understands the consequences of his plea;

(d) is in fact guilty;

(2) explain and ask defendant if he understands:

(a) that the court need not accept his plea unless satisfied of defendant's guilt and that defendant fully understands his rights;

(b) that if he pleads not guilty he would be entitled to a speedy and public trial by a judge or jury;

(c) that at such trial the government would have to confront him with the witnesses upon whose testimony it relied to obtain a conviction, and he would have the right to cross-examine these witnesses;

(d) that at such trial he would be presumed innocent until such time, if ever, as the government established his guilt by competent evidence to the satisfaction of the judge or jury beyond a reasonable doubt;

(e) that at such trial he would be entitled to compulsory process to call witnesses;

(f) the nature and essential elements of the charge to which he is pleading;

(g) the range of penalties to which he is subjecting himself by his plea including the maximum sentence (see CRIMES AND PENALTIES SEC 6.00, *infra*.);

(h) that if he is pleading nolo contendere a finding of guilty will be entered upon the acceptance of his plea.

(3) ask defendant:

(a) if any threats or promises have been made to induce him to plead guilty (nolo contendere);

(b) if he believes there is any understanding or if any predictions have been made to him concerning the sentence he will receive;

(c) if he committed the offense (if plea is nolo contendere, omit);

(d) just what he did (obtain admission of necessary acts, knowledge, and intent);

(e) if he still wishes to plead guilty (nolo contendere);

(f) any additional questions required by the circumstances.

(4) ask defense counsel if he knows any reason why defendant should not plead guilty (nolo contendere);

b. accept or reject plea;

c. if plea is rejected, or if defendant refuses to plead, enter a plea of not guilty and set date for trial;

d. if plea is accepted, enter an order to that, finding that the plea is knowledgeable, voluntary and has a basis in fact that contains all the elements of the crime and is therefore accepted * * *"

See also American Bar Association's Standards Relating to Pleas of Guilty §§ 1.4–1.6.

VAN OOSTERHOUT, Circuit Judge (dissenting).

I respectfully dissent. In my view, the record of Cody's three appearances before the District Court prior to acceptance of his guilty plea reflects that an adequate basis exists for a determination by the court that Cody understood the nature and consequences of his guilty plea, and that a factual basis for the

acceptance of the plea is established. The elements of the crime charged are simple and easily understood. Defendant was represented by competent counsel. There has been substantial compliance with Rule 11.[1]

Under Fed.R.Crim.P. 32(d), a defendant has no right to withdraw his plea of guilty after sentence unless he can show a manifest injustice would result if such were not permitted. Sherburne v. United States, 8 Cir., 433 F.2d 1350, 1353; Meyer v. United States, 8 Cir., 424 F.2d 1181, 1190.

Cody has not asserted that he is not guilty of the crime charged nor has he shown any substantial basis for a determination that the acceptance of his plea was not voluntary nor that the acceptance resulted in manifest injustice.

The court did not abuse its discretion in refusing to permit Cody to withdraw his guilty plea after sentence.

I would affirm.

---

1. I do not disagree with the majority view that expanded questioning under Rule 11 would tend to discourage or at least enable more expeditious disposition of post-conviction attacks upon the validity of a guilty plea.