**Carl Eugene CLARK, 87275-132, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 73-C-363.**

United States District Court, N. D. Oklahoma, Civil Division.

Dec. 20, 1973.

Carl Eugene Clark, pro se.

Nathan Graham, U. S. Atty., Tulsa, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

Petitioner has filed herein his Motion pursuant to 28 U.S.C. § 2255 in which it is stated:

"Petitioner hereby alledges (sic), that the constituted trial court, in cases 72-CR-63, and 72-CR-98, failed to comply with, and honor the law, as set forth in Rule 11, Federal Rules of Criminal Procedure (sic), by not fully allowing petitioner the right to understand completely the full extent of the charges against him."

The Court's colloquy in each case shows that he did comply with the re-

quirements of Rule 11 and there can be no doubt that Petitioner fully understood the nature of the charge against him in each case. Petitioner was represented by competent counsel who had discussed with Petitioner his change of plea in Case No. 72–CR–63 and who represented Petitioner when he entered his plea of guilty in Case No. 72–CR–98. The Petitioner was no stranger to the criminal judicial process. In each case the Court carefully explained to the Petitioner the acts which he was accused of committing, including names, dates and places; the Petitioner specifically advised the Court that he understood the nature of the charges against him in each case. Then in ascertaining the factual basis for each plea of guilty entered by the Petitioner in each case the Court broke down each offense and item by item asked the Petitioner if he had done the particular acts charged in each of the two cases. In answer to specific questions by the Court, the Petitioner stated that he committed the acts constituting each charge. Despite these unequivocal declarations to the Court, the Petitioner now asserts that he did not really understand the charge or more specifically as Petitioner states:

> "Petitioner, had no knowing of the reality of the charge, as it is written in the criminal code until in prison, when read by him in the legal libriary (sic)."

The comment of our Court of Appeals in Semet v. United States, 369 F.2d 90 (Tenth Cir. 1966) describing the conduct of the trial court at arraignment in that case is equally applicable here:

> "The transcript of proceedings on the occasion of the entry of the plea of guilty discloses the trial judge's extended efforts to communicate to the petitioner-appellant the consequences of his plea of guilty. The contents of the indictment, the right to a jury trial and the twenty-five years' maximum sentence were fully and clearly explained by him. Petitioner-appellant unequivocally stated that he wished to change his plea to guilty . . . ."

> In the case at bar the trial judge was painstaking and thorough in satisfying himself that the accused before him understood the nature of the proceeding and that his act of changing his plea was voluntary." 369 F.2d at pp. 91–92.

The Court then held it was unnecessary to hold a factual hearing.

To satisfy the requirements of Rule 11 the record must show that the Judge asked the proper questions and received answers from the Defendant indicating his awareness of the charges against him. United States v. Thomas, 468 F.2d 422 (Tenth Cir. 1972). This the Court has done in each case. One of the purposes of Rule 11 is to produce a complete record at the time of the plea of necessary facts relative to the determination of the voluntariness of the plea. United States v. McCarthy, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); United States v. Sanders, 435 F.2d 1282 (Tenth Cir. 1970). Therefore it was not intended that the careful efforts of the trial judge to make a record showing his conscientious compliance with the rule to determine that the accused understood the charge should be ignored upon the accused's subsequent subjective complaint, that, contrary to his repeated statements to the Court, he really did not understand the charge.

> "Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act and not to be disregarded because of belated misgivings about the wisdom of the same." United States v. Woolsey, 440 F.2d 1280 (Eighth Cir. 1971).

If, indeed, the Court cannot rely upon Petitioner's own declarations of understanding under the circumstances here presented as to each case, then the record is rendered a nullity and Rule 11

proceedings, do in fact, become an exercise in futility.

■ Attached hereto are excerpts from the proceedings in both cases in which the Petitioner advised the Court that he understood, upon explanation by the Court, the nature of each of the charges against him and then upon pleading guilty to each acknowledged his commission of each of the crimes on a factual basis.

Petitioner's Motion pursuant to 28 U. S.C. § 2255 should be dismissed.

EXCERPTS FROM TRANSCRIPT OF PROCEEDINGS ON PLEAS OF GUILTY AND SENTENCINGS IN CRIMINAL CASES NO. 72–CR–63 AND 72–CR–98 IN THE NORTHERN DISTRICT OF OKLAHOMA

RE: CASE NO. 72–CR–63

"Q  Forty-one.  I take it that you have previously entered pleas of not guilty to the two charges against you in this case?

A  Yes, sir.

Q  You have heard it stated here in open Court that you desire to change pleas of not guilty to guilty, is that right?

A  That is right, Your Honor.

Q  Do you fully understand the nature of the charges against you in this case, in both Counts One and Two?

A  Yes, sir.

Q  In this connection, for your information, in Count One it is charged that on or about April the 22nd, 1972, at Tulsa, Oklahoma, that you, for the purposes of obtaining or receiving from the United States a sum of money, did falsely forge a certain writing in the form of an endorsement of the name of the registered owner to a Series E United States Savings Bond which has been issued on April 7th, 1967 and registered to James P. Nash, Jr., POD Shirley M. Nash, Jr., with the face amount of $25.00.

Now, do you fully understand the nature of the charge made against you in Count One?

A  Yes, Your Honor."  (Tr. 2–3)

*    *    *    *    *    *

"Q  Are you guilty of this charge?

A  Yes.

Q  Speak up now.

A  Yes, Your Honor.

Q  On or about April the 22nd, 1972, at Tulsa, Oklahoma, did you endorse the name of the registered owner to a Series E United States Savings Bond issued April 7th registered to James P. Nash, POD Shirley M. Nash, Jr., with the face amount of $25.00?

A  Yes, Your Honor.

Q  And did you do this for the purposes of obtaining or receiving from the United States the sum of money as indicated on the bond?

A  Yes, Your Honor.

Q  And was this endorsement falsely forged by you?

A  Yes, Your Honor.

Q  All right.  The Court will accept the Defendant's plea of guilty to Count One.

Now with reference to Count Two, it is alleged by the indictment that on or about April the 22nd at Tulsa, Oklahoma, that you did utter and publish as true a United States Savings Bond bearing a forged and counterfeited endorsement of the registered owner and that this was done with intent to defraud the United States and that you knew the same was false, forged and counterfeited.  The bond being a genuine obligation of the United States and of the tenor and description as follows:

A Series E United States Savings Bond issued on April 7th, 1967 registered to James P. Nash, Jr., POD Shirley M. Nash, Jr., with a face amount of $25.00.

Do you fully understand the nature of the charge made against you in Count Two?

A   Yes, Your Honor.

Q   Now, did you utter and publish as true this bond?   Did you pass it?

A   Yes, Your Honor.

Q   At the time that you did that, did you know that it had a forged and counterfeited endorsement?

A   Yes, Your Honor."   (Tr. 5–7)

RE:  CASE NO. 72–CR–98

"Q   Have you read the proposed information now?

A   I have, Your Honor.

Q   By this proposed information which the United States Attorney has prepared against you, it provides that you have violated federal law in that on or about May 21st, 1972, here in Tulsa, Oklahoma, that you, at that time, being under indictment for forgery and uttering a certain writing in the form of a United States Savings Bond and for the purposes of receiving a sum of money from the United States and with the intent to defraud the United States in this manner, you then being under indictment for this charge, the case being Number 72–CR–63 in this district, which was returned on May the 3rd, 1972 and which charged you with the crime punishable by imprisonment for a term exceeding one year; that while you were so under indictment, that you knowingly did ship and transport a firearm in the form of a Savage Arms Model 12 gauge semi-automatic shotgun with serial number 571345 in interstate commerce from the State of Texas to the State of Oklahoma.

Now this is the charge, briefly, while under indictment in this Court for a crime punishable by imprisonment for more than a year, while being under this indictment, that you transported this firearm from Texas to Oklahoma on May 21st, 1972.   Do you understand the charge?

A   I do Your Honor."   (Tr. 5)

*   *   *   *   *   *

"You have advised me that you understand the nature of the charge against you in this case and the maximum punishment that may be assessed against you if you should plead guilty or be convicted of the same.   You have an attorney representing you by Court appointment.   You have waived or given up your right to have a grand jury consider the matter and return an indictment.   Are all of these things true and correct?

A   Yes, Your Honor.

*   *   *   *   *   *

Q   How do you now plead to the charge in this case, guilty or not guilty?

A   Guilty, Your Honor."   (Tr. 8)

*   *   *   *   *   *

"Q   Are you guilty of this charge?

A   Yes, Your Honor.

Q   Were you under indictment as of May 3rd, 1972 in this Court for forgery and uttering a forged document in the form of a United States Savings Bond for the purposes of receiving a sum of money from the United States with the intent to defraud the United States, you being so indicted under Case No. 72–CR–63 and that the crimes charged were punishable by imprisonment for a term of, exceeding one year?

A   Yes, Your Honor.

Q   Were you so indicted?

A   Yes, Your Honor.

Q   Did you then, on May 21st, 1972, while being so indicted, ship and transport the firearm in the form of a Savage Arms Company 12 Gauge semi-automatic shotgun with serial number 571345 in interstate commerce from Texas to Oklahoma?

A   Yes, sir.   (Tr. 9–10)